J-S13023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN SCOTT WILBUR | : | |
| | : | |
| Appellant | : | No. 931 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000655-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN SCOTT WILBUR | : | |
| | : | |
| Appellant | : | No. 935 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000663-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN WILBUR | : | |
| | : | |
| Appellant | : | No. 936 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000727-2020

J-S13023-22

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY KING, J.:                    **FILED: JULY 19, 2022**

Appellant, Brian Scott Wilbur, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to theft by unlawful taking, simple assault, and terroristic threats.[1] We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case as follows:

> Under docket number 2020 CR 655, Appellant incurred one (1) count of Theft by Unlawful taking in violation of 18 [Pa.C.S.A.] § 3921 & one (1) count of Unauthorized Use of a Motor Vehicle in violation of 18 [Pa.C.S.A.] § 3928. These charges stemmed from a February 13, 2020, report from the general manager of Peckville Self Storage. Specifically, Appellant rented a U-Haul van from the victim on January 16, 2020 and neglected to return the vehicle. The victim stated that all attempts to reach Appellant were unsuccessful.
>
> Under docket number 2020 CR 663, Appellant [incurred] one (1) count of Harassment—Strike, Shove, Kick, etc. in violation of 18 [Pa.C.S.A.] § 2709 (A)(1), one (1) count of Strangulation in violation of 18 [Pa.C.S.A.] § 2718(a)(1), and one (1) count of Simple Assault in violation of 18 [Pa.C.S.A.] § 2701(A)(1). These charges arose from an April 6, 2020, incident which led to Appellant's arrest wherein police were called to the Roadway Inn in Moosic, Pennsylvania due to a domestic dispute. The victim, who was covered in blood, indicated to officers that Appellant punched her in the nose and wrapped his hands tight around her neck. The daughter of Appellant and the victim was

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a); 2701; and 2706(a)(3), respectively.

- 2 -

present while the incident occurred and confirmed these events.

Under docket number 2020 CR 727, Appellant was charged with two (2) counts of Terroristic Threats—Cause Serious Public Inconvenience in violation of 18 [Pa.C.S.A.] § 2706(a)(3) and two (2) counts of Threat to Use Weapons of Mass Destruction in violation of 18 [Pa.C.S.A.] § 2715(a)(3). These charges arose from an April 6, 2020, incident where Appellant was being transported to the processing center for the charges of docket number 2020 CR 663. Appellant repeatedly told transporting officers that he was positive with the COVID-19 virus and that he hopes he infects both of their families.

On August 25, 2020, Appellant entered a guilty plea under 2020 CR 655 to one (1) count of Theft by Unlawful taking in violation of 18 [Pa.C.S.A.] § 3921. Under 2020 CR 663, Appellant entered a guilty plea to one (1) count of Simple Assault in violation of 18 [Pa.C.S.A.] § 2701(A)(1). Under 2020 CR 727, Appellant entered a guilty plea to one (1) count of Terroristic Threats—Cause Serious Public Inconvenience in violation of 18 [Pa.C.S.A.] § 2706(a)(3). Prior to entering the guilty plea, Appellant executed a lengthy written plea colloquy in which he indicated awareness of the maximum penalties of fifteen (15) years confinement and 32,500 dollars fine. Appellant indicated he understood the elements of the crimes charged, was pleased with his attorney, and agreed to the terms of the plea agreement. This [c]ourt also conducted an oral inquiry to determine whether Appellant entered a knowing, voluntary, and intelligent plea. Appellant advised awareness of the constitutional rights he forfeited, and the penalties he faced by entering the guilty plea. Appellant further indicated that no threats or promises were made in exchange for his plea. In reference to docket 2020 CR 655, Appellant admitted to taking possession of a Ford U-Haul van with the intent to deprive the owner thereof. With regards to docket 2020 CR 727, Appellant acknowledged threatening a Moosic Police Officer that he was infected with the COVID-19 virus and hoped to infect his family. In reference to docket 2020 CR 663, Appellant admitted to punching the victim in the nose and applying pressure around her neck which caused her to blackout. After

receiving affirmative responses, this court accepted the guilty plea, and deferred sentence pending completion of a Presentence Investigation Report. (hereinafter "PSI").

Appellant was originally sentenced December 1, 2020, on all three dockets to six to twelve months state incarceration followed by two years special probation on the Theft by Unlawful taking charge, six to twelve months state incarceration followed by one-year special probation on the simple assault charge, and six to twelve months state incarceration followed by two years special probation on the Terroristic Threats charge. On December 7, 2020, Appellant filed a Motion for Reconsideration. Specifically, Appellant expressed the desire to go to a long-term treatment facility. On December 10, 2020, this [c]ourt vacated its sentence, and graciously allowed Appellant to attend inpatient treatment at Salvation Army in Binghamton, New York.[2] Appellant did not successfully complete treatment at Salvation Army and violated a Protection from Abuse Order by calling the victim on the telephone. [Consequently, the court revoked bail and scheduled a sentencing hearing].

Accordingly, on June 15, 2021, upon review of the updated PSI, the sentencing guidelines, consideration of arguments made by defense counsel as well as the facts and the circumstances of the case, this [c]ourt re-sentenced Appellant in the standard range on all dockets. Regarding docket number 2020 CR 655 Theft by Unlawful taking, this [c]ourt sentenced Appellant to twelve (12) to twenty-four (24) months state incarceration plus two years Special Probation. On docket number 2020 CR 663, Simple Assault, this [c]ourt sentenced Appellant to six (6) to twelve (12) months state incarceration. Concerning docket 2020 CR 727—Terroristic Threats, this [c]ourt imposed a sentence of six (6) [to] twelve (12) months followed by two years special probation.

_____

[2] The order specifically stated that the court was granting Appellant's petition for reconsideration of sentence, vacating the sentence imposed, and modifying Appellant's bail to ROR, with Appellant to be released to the Salvation Army in Binghamton. Upon completion of rehabilitation, the court would schedule sentencing with an updated pre-sentence investigation report.

Therefore, with all dockets being consecutive, Appellant's aggregate sentence is twenty-four (24) to forty-eight (48) months of state incarceration, followed by five (5) years of Special Probation. On June 17, 2021, Appellant filed a Motion for Reconsideration, which this [c]ourt denied on June 22, 2021. Accordingly, on July 14, 2021, Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court.

(Trial Court Opinion, filed December 30, 2021, at 1-4) (internal citations to record and footnote omitted).[3] On September 7, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 20, 2021.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79,

---

[3] Appellant filed separate notices of appeal at each underlying docket, which this Court consolidated *sua sponte*.

J-S13023-22

978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither ***Anders*** nor ***McClendon***[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent

---

[4] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

- 6 -

review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law surrounding Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

Counsel raises the following issues on Appellant's behalf:

> Whether the sentences for theft by unlawful taking imposed in 20[20] CR 655 (931 MDA 2021), for simple assault imposed in 20[20] CR 663 (935 MDA 2021), and for terroristic threats imposed in 20[20] CR 727 (936 MDA 2021) were harsh and excessive and an abuse of discretion.

(***Anders*** Brief at 4).[5]

Appellant argues that the sentences imposed were unduly harsh and excessive. Appellant asserts the court failed to properly consider the nature

---

[5] Appellant has not filed a response to the ***Anders*** brief *pro se* or with newly-retained counsel.

and circumstances of his crimes, or his mental health and severe addiction issues. Appellant emphasizes that the crimes at issue occurred while Appellant was under the influence of drugs. Appellant maintains that he would benefit from attending a Domestic Violence program, and drug and mental health counseling. Appellant insists that he will not be able to participate in these programs based on the lengthy sentence imposed. Appellant complains the court abused its discretion by sentencing Appellant on the high-end of the standard range for each crime. Appellant submits the court did not consider the relevant sentencing factors under Section 9721(b). Appellant concludes the court abused its sentencing discretion, and this Court must vacate and remand for resentencing. We disagree.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. **Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." **Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant filed a timely post-sentence motion on June 17, 2021. Nevertheless, Appellant did not preserve any of the claims he raises on appeal in that motion. Instead, Appellant merely requested the court to reconsider and modify his sentence back to the sentence originally imposed on December 1, 2020; or, to permit Appellant to finish the remainder of his sentence in Lackawanna County prison. Appellant mentioned nothing about the court's alleged failure to consider mitigating factors, excessiveness of the sentence, or any of the other arguments Appellant now advances on appeal. Appellant's failure to preserve his current claims in the post-sentence motion constitutes waiver of his sentencing issue on appeal. **See Griffin, supra**; **McAfee, supra**.

Even if Appellant had preserved his claims on appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its

discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*Commonwealth v. Walls*, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). *See also Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of pre-sentence investigation report, we can presume it was aware of relevant

information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

Here, the trial court analyzed Appellant's sentencing claim as follows:

Here, this [c]ourt imposed guideline range sentences on all dockets, which is considered appropriate under the Sentencing Code. Prior to sentencing, this [c]ourt precisely reviewed the pre-sentence investigation report outlining Appellant's relevant personal background, as well as the circumstances of the Appellant's criminal history, drug addiction, and mental health struggles. Pointedly, Appellant possessed a prior record score of 1. However, Appellant's criminal history presents a multitude of PFA Contempt Violations, assaults, harassments, and five (5) disorderly conduct convictions, most not considered in the prior record score. Appellant was denied from mental health court in Lackawanna County due to his past assaultive behavior and criminal history. Appellant demonstrated a continuing incapability to appreciate the wrongfulness of his conduct, which is clear by his failure to ever participate in, drug rehabilitation such as attending meetings or working a twelve-step recovery program. Appellant was given a gift by this [c]ourt in allowing him to attend inpatient treatment at Salvation Army, which he failed to complete. Appellant also showed he has failed to take his mental health counseling seriously, as he was not compliant with attending therapy or maintaining appropriate medication use before these charges.

It is readily apparent on the face of the record that this [c]ourt was fully acquainted of the relevant mitigating and aggravating factors via full argument by Appellant's attorney and an inclusive pre-sentence investigative report. The weight to be given to those factors was within the field of this [c]ourt to regulate. Therefore, aware of the sentencing guidelines, and all other factors, this [c]ourt imposed sentences within the standard range that are neither unduly harsh nor excessive. There is no indication in the record that this [c]ourt failed to consider the individual circumstances or in any other way imposed a harsh and excessive sentence, disproportionate to Appellant's actions. Appellant's claims are without merit.

(Trial Court Opinion at 8-9) (internal citation omitted).  We see no abuse of the court's broad sentencing discretion.  ***See Walls, supra***; ***Fullin, supra***. Therefore, even if Appellant had properly preserved his claim and raised a substantial question, it would merit no relief.  Following our independent review of the record, we agree the appeal is frivolous.  ***See Dempster, supra***; ***Palm, supra***.  Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/19/2022